IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 20-13694(MDC) |
| MATTHEW BENNETT and | : | CHAPTER 13 |
| CYNTHIA BENNETT | : | |
|     Pro Se Debtors | : | HEARING SCHEDULED FOR |
| | : | JUNE 29, 2021 AT 10:30 A.M. |
| | : | UNITED STATES BANKRUPTCY COURT |
| | : | 900 MARKET STREET |
| | : | PHILADELPHIA, PENNSYLVANIA 19107 |

**MOTION OF ALLY BANK FOR RELIEF FROM
THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)
<u>AND WAIVER OF 14 DAY STAY OF EFFECTIVENESS OF ORDER</u>**

TO THE HONORABLE MAGDELINE D. COLEMAN
OF THE BANKRUPTCY COURT:

Ally Bank, by and through its attorneys, Lavin, Cedrone, Graver, Boyd & DiSipio, hereby moves the Honorable Court for an Order pursuant to 11 U.S.C. §362(a) granting Ally Bank relief from the automatic stay and in support thereof avers:

1. Ally Bank is an entity organized under the laws of Utah and registered to do business in the Commonwealth of Pennsylvania. For purposes of this action only, Ally Bank's business address is 200 West Civic Center Drive, Suite 201, Sandy, UT 84070.

2. On or about September 11, 2020, the Debtors filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. On or about August 29, 2019, Matthew Bennett (the "Debtor") executed and delivered to Penn Auto Group (the "Dealer"), a Retail Installment Sale Contract (the "Contract") in consideration of the purchase price of a 2016 Ford Explorer, VIN: 1FM5K8D82GGC80077 (the "Vehicle"). A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "A".

4. Dealer assigned the Contract to Ally Bank whereby the Debtor became obligated to Ally Bank under the terms of the Contract. A copy of the Vehicle's Electronic Title is attached hereto and incorporated herein as Exhibit "B".

5. Under the terms of the Contract, the Debtor agreed to pay the principal sum of $22,636.53, plus finance charges calculated at an annual percentage rate of 10.94% by remitting seventy-five (75) payments in the amount of $419.88 each beginning October 13, 2019.

6. As of and including the May 13, 2021 due Contract payment, the Debtor is in post-petition arrears to Ally Bank for $3,778.92.

7. The Contract requires the Debtor to maintain verifiable insurance coverage on the Vehicle and as of the petition date, Ally Bank was unable to verify insurance for the Vehicle.

8. Movant, Ally Bank requests the Court award Ally Bank reimbursement in the amount of $500.00 for the legal fees and costs associated with this motion.

9. The Debtor has defaulted on his obligations to Ally Bank under the Contract by reason of the foregoing, Ally Bank is entitled to immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, including lack of adequate protection.

10. Ally Bank requests that as permitted by Bankr. R. 4001(a)(3), the courts Order become effective immediately without the 14 day stay imposed by said rule.

WHEREFORE, Ally Bank moves this Honorable Court to enter an Order:

   A. Terminating the automatic stay as to Ally Bank with respect to the Vehicle;

   B. Permitting Ally Bank to take such actions and seek such remedies to recover the Vehicle as are permitted by the Contract, the Pennsylvania Uniform Commercial Code and other applicable laws; and

      C.      Granting such other and further relief as this Court may deem just and proper.

LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO

DATED: June 2, 2021      By: /s/ Regina Cohen
                                          Regina Cohen, Esquire
                                          Attorneys for Ally Bank